## 71243. BAGBY v. THE STATE.
(335 SE2d 305)

BENHAM, Judge.

Pending a decision on his motion for new trial after his conviction for sale of cocaine, appellant moved the trial court to set a supersedeas bond. The trial court conducted a hearing at which appellant presented several witnesses to vouch for his good behavior; the State presented no evidence at all. Following the presentation of evidence, the trial court ruled that bond would not be allowed because of the likelihood of appellant's committing additional crimes. The basis articulated by the trial court for its decision was that the evidence at trial showed that appellant had been a "major target of the undercover drug investigation that was going on in Dawson County at the time he was arrested." We granted appellant's motion in this court that his appeal from the denial of supersedeas bond be expedited.

The transcript of the bond hearing and of the trial are in the record of this case on appeal. Our review indicates that the trial court's recollection that appellant was a major target of a drug investigation is without support in the record. Since that recollection was the only basis for the trial court's conclusion that appellant would be likely to commit further crimes if released, we find that the denial of appellant's motion for supersedeas bond was an abuse of discretion.

*Lipsey v. State*, 170 Ga. App. 212 (316 SE2d 774) (1984).

*The trial court's order denying the motion for appeal bond is reversed with direction that a reasonable appeal bond be set with all deliberate speed. Banke, C. J., and McMurray, P. J., concur in the judgment only.*

DECIDED SEPTEMBER 16, 1985.

*James E. Palmour III*, for appellant.

*Bruce L. Udolf, District Attorney, Donald T. Hunt, Assistant District Attorney*, for appellee.