## 71479. MANCIL v. THE STATE.
(340 SE2d 279)

SOGNIER, Judge.

Appellant was convicted of a violation of the Georgia Controlled Substances Act by possessing more than one ounce of marijuana. In his sole enumeration of error appellant contends the trial court erred by denying his motion to suppress evidence.

Sheriff Archie Hendley of Berrien County received an anonymous telephone call about 10:45 p.m. informing him that if he would go to the river bridge on Highway 135, "I would probably find something in a light brown car and also in a white Courier Ford Pickup that I might want to see." Hendley called two deputy sheriffs to meet him at the Alapaha River bridge on Highway 135, and when the three of-

ficers arrived shortly thereafter a group of people, including appellant, were having a cookout under the bridge. A light brown car and a white pickup truck were parked under the bridge and in response to the sheriff's question as to who owned the light brown car, appellant stated that he was the owner. The officers identified themselves and told appellant they would like to look in the trunk of the car, and after appellant asked why his car was singled out and received no reply, he got out his key and opened the trunk. Five or six plastic bags of marijuana were found in the trunk.

Both the sheriff and his chief deputy testified that they did not threaten or coerce appellant in any way to make him open the trunk of his car, and that he consented to the search. They also testified that the persons at the cookout were not engaged in any illegal activity when the officers arrived. Appellant testified that after the officers asked to look in the trunk he asked why they wanted to do so and the officers gave no reason for their request. Appellant also testified that one of the officers then stated: "Well, we'll get it open one way or the other. You can open it or we'll get it opened." Appellant then unlocked the trunk of his car because he did not want the officers to tear up his car. All of the officers had guns and one of them was carrying a knife in his belt.

Appellant argues that the search of his automobile was without any legal justification since the police had no arrest or search warrant, appellant was not committing any offense in their presence, and the anonymous telephone call did not provide probable cause to search appellant's car. While these statements are correct, it is well settled that one of the exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent. *Schneckloth v. Bustamonte*, 412 U. S. 218, 219 (93 SC 2041, 36 LE2d 854); *Lester v. State*, 163 Ga. App. 604, 605 (2) (295 SE2d 566) (1982). Thus, the only question here is whether appellant's consent was voluntarily given or whether it was the product of coercion by the police.

Appellant argues that under the holding in *Schneckloth*, supra, the burden is on the State to demonstrate the voluntary nature of an alleged consent to search, and the State has not met that burden. He also argues that despite the fact that the officers testified they used no threats or duress, appellant was faced with three armed law enforcement officers who told him if he did not consent, the trunk would be opened one way or the other. Lastly, appellant argues that it does not stand to reason that he would voluntarily open his trunk to show law enforcement officers a quantity of contraband, but would only do so when the officers improperly pressured him to permit the search.

In *Code v. State*, 234 Ga. 90, 94 (III) (214 SE2d 873) (1975), the

court held that the fact that the defendant's house was surrounded by several police officers did not ipso facto require a finding of coercion. However, the court pointed out that such circumstances require close judicial scrutiny. In the instant case we find nothing to support appellant's contention that the police coerced him into opening the trunk of his car other than appellant's own testimony. There is no evidence that the sheriff and his deputies, though armed, drew their weapons or otherwise physically threatened or intimidated appellant in any way. The officers denied telling appellant they would open the trunk one way or another. Thus, we find that the trial court's finding that appellant consented to the search is supported by the evidence. Factual and credibility determinations made by the trial judge at a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous. *Woodruff v. State*, 233 Ga. 840, 844 (3) (213 SE2d 689) (1975); *Pittman v. State*, 162 Ga. App. 51, 52 (2) (289 SE2d 531) (1982). We find no error in the trial court's finding here. Hence, it was not error to deny appellant's motion to suppress the evidence found in the trunk of his car.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 4, 1986.

*Elsie Higgs Griner*, for appellant.
*Lew S. Barrow, District Attorney, Robert B. Ellis, Jr., Donald C. Walker, Assistant District Attorneys*, for appellee.