### 74343. SMITH et al. v. THE STATE.

(361 SE2d 215)

POPE, Judge.

Lloyd G. Smith and Donald R. Starks bring this appeal from their convictions and sentences of possession of marijuana with intent

to distribute. *Held*:

1. Defendants first enumerate as error the trial court's denial of their motion to suppress the marijuana seized as the result of a search of their car. The apparent basis of this enumeration is the purported lack of probable cause to authorize the warrantless search. However, the trial court pretermitted the issue of probable cause, and found that defendants freely and voluntarily consented to the search of the car. Since our resolution of the consent issue is dispositive of this enumeration of error, we likewise pretermit a discussion of probable cause in this case. See *Browning v. State*, 176 Ga. App. 420, 422 (336 SE2d 41) (1985), holding: " 'Probable cause and a warrant are not required for a search and seizure which is conducted pursuant to consent.' "

"On appeal, a trial court's ruling on disputed facts and credibility at a suppression hearing must be accepted unless clearly erroneous." *Muff v. State*, 254 Ga. 45, 48 (326 SE2d 454) (1985). From the disputed facts of record, the trial court was authorized to find that shortly before 4:00 a.m. on May 16, 1986 Trooper Michael J. Ralston of the Georgia State Patrol observed defendants' car traveling north on I-75 in Gordon County. The car had only one headlight which was functioning and was traveling slightly over the speed limit. Trooper Ralston pursued the car for approximately one mile before making a stop, during which time information regarding the car and its tag number was called in to the local patrol station. Upon stopping the car, Trooper Ralston determined the driver to be defendant Starks and the car to be rented. Starks could not produce a driver's license, but a computer check produced information that he did have a valid Tennessee driver's license. He did produce a rental agreement for the car; however, the rental agreement was in the name of a third person (Maurice Mondie) not in the car and did not provide for an additional designated driver.

At the time of the stop, defendant Smith was lying down in the backseat of the car, where he remained during the trooper's investigation regarding the validity of the license, registration and rental agreement. Following a general conversation concerning defendants' itinerary and having returned the car registration and issued a warning citation to Starks for the traffic violation (13 minutes elapsed time), Trooper Ralston sought permission to search the car. Starks stated that "Mr. Mondie had left Mr. Smith with responsibility for the vehicle when they had rented it and that he was responsible for the car and he would rather me ask Mr. Smith for permission to search the car." Trooper Ralston then asked Smith to step to the rear of the car and sought permission from him to search the car. After being advised that he did not have to consent, he orally consented to the search and also signed a written "Waiver of Constitutional Rights

Consent Search Form." Smith read the form while Trooper Ralston held a flashlight. Smith testified that he understood from reading the form that he had the right to refuse consent. Trooper Ralston did not threaten, coerce, or intimidate Smith in any way in order to secure his consent, nor did he promise Smith anything or hold out any hope of benefits or reward to him if he would give his consent. At no time did Smith object to the search or in any way indicate that he lacked authority to grant permission for the search.

Trooper Ralston entered the car and looked through the interior. He raised the lower portion of the backseat and "smelled a strong odor of marijuana." He then took a key which was in the ignition and proceeded to the rear of the car, inserted the key into the trunk, but was unable to open it. He asked both defendants if there was a second key and both responded that there was only one key. However, both insisted that if they had another key, they would certainly give it to him. Trooper Ralston obtained a wrench and removed the bolts holding the back part of the backseat, thereby gaining entry into the trunk where he found two duffle bags containing a total of 95 pounds of marijuana. He subsequently made application and obtained a search warrant in order to conduct a more thorough exploration of the trunk area. Although no further evidence was obtained, each defendant claimed one piece of luggage containing personal belongings retrieved from the trunk.

"Consent searches are valid [cit.] but where the [S]tate relies upon consent, the burden is upon [it] to demonstrate that the consent was voluntary, and not the result of duress or coercion, express or implied. [Cit.] Voluntariness must be determined from all of the circumstances. [Cit.]" *Cuevas v. State*, 151 Ga. App. 605, 609 (260 SE2d 737) (1979), cert. den., 445 U. S. 943 (1980). On the basis of the record in this case, we find that the consent to the search of the car was freely and voluntarily given. Accord *Lopez v. State*, 184 Ga. App. 31 (1) (360 SE2d 722) (1987); *Mancil v. State*, 177 Ga. App. 663 (340 SE2d 279) (1986); *Briscoe v. State*, 166 Ga. App. 421 (1) (304 SE2d 742) (1983).

2. Defendant Smith also challenges the sufficiency of the evidence to support his conviction. We find that Smith's presence, companionship and conduct before and after the discovery of the marijuana in the trunk of the car showed more than his mere presence at the scene of the crime and authorized the trier of fact to find beyond a reasonable doubt that he had at least constructive possession of the marijuana. Accord *Hardin v. State*, 172 Ga. App. 232 (1) (322 SE2d 540) (1984); *Lang v. State*, 171 Ga. App. 368 (1) (320 SE2d 185) (1984); see also *Hughes v. State*, 150 Ga. App. 90 (256 SE2d 634) (1979). Also, under the facts in this case, Smith's reliance on the "equal access" rule is misplaced. *Castillo v. State*, 166 Ga. App. 817

(2) (305 SE2d 629) (1983).
*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 11, 1987 —
REHEARING DENIED SEPTEMBER 28, 1987.

*W. Michael Maloof, John Nuckolls*, for appellants.
*Darrell E. Wilson, District Attorney*, for appellee.