76021. LOMBARDO v. THE STATE.
(370 SE2d 503)

POPE, Judge.

Defendant Stephen James Lombardo brings this appeal from his conviction and sentence of trafficking in cocaine. *Held*:

1. Defendant, a former law enforcement official with Florida's Metropolitan Dade County Police Department, first enumerates as error the trial court's denial of his motion to suppress the evidence seized as a result of the search of his leased automobile, contending, in essence, that the trial court erred in finding that his consent to search was freely and voluntarily given. "On appeal, a trial court's ruling on disputed facts and credibility at a suppression hearing must be accepted unless clearly erroneous." *Muff v. State*, 254 Ga. 45, 48 (326 SE2d 454) (1985); *State v. Betsill*, 144 Ga. App. 267 (2) (240 SE2d 781) (1977). Although the testimony of the arresting officer and the defendant was not without substantial conflict, the trial court was authorized to find the following: At approximately 1:30 a.m. on August 14, 1986 Trooper Michael J. Ralston of the Georgia State Patrol, while running stationary radar on Interstate 75 in Gordon County, Georgia observed defendant, the driver of the car, and his companion traveling northbound at approximately 65 m.p.h., in excess of the 55 m.p.h. posted maximum limit. Trooper Ralston pursued the vehicle and indicated for defendant to stop by activating his blue lights. Trooper Ralston then asked to see defendant's driver's license and the vehicle registration, and questioned him generally concerning his itinerary. Agent Dalman of the Georgia Bureau of Investigation, who was riding with Trooper Ralston on the night in question, asked similar questions of defendant's passenger; however, the passenger's responses differed from defendant's both as to the stated destination and the purpose of the trip. Trooper Ralston also determined that the vehicle was leased to defendant.

After verifying defendant's license and vehicle registration, Trooper Ralston returned these documents to defendant and issued him a warning citation for speeding. Trooper Ralston also asked permission to search the car. Trooper Ralston testified "I then displayed the written consent form . . . and I asked him to read it, which he appeared to [do], and he advised he did not want to sign it, that I was going to search the car anyway, and we advised him we could not search the car without his permission, and with his permission, we would like to search it." According to Ralston's testimony, defendant reiterated that he didn't want to sign the consent form, but verbally

consented to the search. Trooper Ralston testified that this verbal consent was witnessed both by Agent Dalman and Lieutenant Stafford of the Gordon County Sheriff's Department. Stafford testified that defendant stated that he did not wish to sign anything, "but if you want to search the car you can search the car." Trooper Ralston again informed defendant that he had the right to refuse the search and that they could not conduct the search without permission. Lastly, Trooper Ralston testified that he did not physically threaten or abuse defendant in any manner in order to obtain his consent.

" 'Consent searches are valid (cit.) but where the (S)tate relies upon consent, the burden is upon (it) to demonstrate that the consent was voluntary, and not the result of duress or coercion, express or implied. (Cit.) Voluntariness must be determined from all of the circumstances. (Cit.)' *Cuevas v. State*, 151 Ga. App. 605, 609 (260 SE2d 737) (1979), cert. den., 445 U. S. 943 (1980)." *Smith v. State*, 184 Ga. App. 304, 306 (361 SE2d 215) (1987). Based on a careful review of the record before us, we conclude that the totality of the circumstances supported the trial court's determination that the defendant freely and voluntarily consented to the search of the car. Accord *Smith*, supra; *Lopez v. State*, 184 Ga. App. 31 (1) (360 SE2d 722) (1987); *Wilson v. State*, 179 Ga. App. 780 (1) (347 SE2d 709) (1986); *Mancil v. State*, 177 Ga. App. 663 (340 SE2d 279) (1986).

2. Defendant also contends that the stop of his automobile based on the alleged traffic violation was a mere pretext for the subsequent illegal search and seizure. See *Tarwid v. State*, 184 Ga. App. 853 (363 SE2d 63) (1987), and cits. We disagree. Although defendant testified that the alleged traffic violation was lane straddling, Trooper Ralston testified that he stopped defendant because he was speeding, that he used both radar and visual observation to determine that defendant was speeding, that defendant admitted he was speeding at the time of the stop, and that he issued defendant a warning citation for this offense. Accordingly, we find no basis for defendant's contention that the stop here was pretextual as Trooper Ralston was clearly justified in stopping defendant to investigate a possible traffic violation.

3. Defendant also challenges the legality of the search of his automobile based on a lack of probable cause. We find no merit to this contention. " 'Probable cause and a warrant are not required for a search and seizure conducted pursuant to consent.' *Crews v. State*, 170 Ga. App. 104 (316 SE2d 549) (1984)." *Ramsey v. State*, 183 Ga. App. 48, 50 (357 SE2d 869) (1987); accord *Smith v. State*, supra; *Wilson v. State*, supra.

4. Defendant also contends that he was unlawfully "seized" without probable cause because Trooper Ralston would not permit him to leave after he refused to sign the consent form, and that the trial court erred in failing to exclude the evidence on this basis. Our review

of the record, however, reveals that "the ground enumerated here as error was never raised in the trial court — neither at the motion to suppress [hearing] nor [in defendant's written motion to suppress]. . . . Under our appellate procedure a reason why evidence should not be admitted will not be considered on appeal unless the reason was urged below. [Cits.]" (Punctuation omitted.) *Brooker v. State*, 164 Ga. App. 775, 778 (298 SE2d 48) (1982). This enumeration is without merit.

5. Defendant also contends that the State failed to show that he was in actual possession of the cocaine, as required by OCGA § 16-13-31 (a) (1), because defendant's passenger had equal access to the illegal contraband seized from the trunk of the car. We disagree.

"The equal access rule, 'as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver. (Cits.)' *Castillo v. State*, 166 Ga. App. 817, 821-822 (305 SE2d 629) (1983)." *Mendez v. State*, 185 Ga. App. 1 (363 SE2d 262) (1987); see also *Fears v. State*, 169 Ga. App. 172 (1) (312 SE2d 174) (1983). Here there was no evidence that anyone other than defendant, the driver and lessee of the car, had access to the keys required to open the trunk of the automobile where the contraband was found. "Since the [cocaine] was not in an open, notorious and equally accessible area, the equal access rule does not apply. *Manbeck v. State*, 165 Ga. App. 625, 626 (3) (302 SE2d 361) (1983)." *Colsson v. State*, 177 Ga. App. 840 (1) (341 SE2d 318) (1986).

Defendant also contends, however, that his conviction cannot stand because the State failed to show that the substance seized was in fact "28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine," also as required by OCGA § 16-13-31 (a) (1). The official State Crime Lab report, which was tendered into evidence pursuant to stipulation of the parties and without objection, provided that "[t]he 10 pounds 15.8 ounces of powder is positive for cocaine, Schedule II. Quantitation of the powder shows it to contain 9 pounds 1.9 ounces of cocaine." The evidence was sufficient.

6. Lastly, defendant contends that the trial court abused its discretion by denying defendant's motion for bond pending appeal. Although our review discloses an order reducing defendant's bond from $1,490,000 to $1,000,000 was entered on March 20, 1987, it does not appear of record that defendant requested a bond pending appeal of his conviction and sentence in the case at bar. Cf. *Bagby v. State*, 176 Ga. App. 51 (335 SE2d 305) (1985). Moreover, our affirmance of defendant's conviction renders this issue moot. *Malerba v. State*, 172

Ga. App. 457 (4) (323 SE2d 666) (1984).
*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MAY 24, 1988 —
REHEARING DENIED JUNE 8, 1988 — 

*Donald F. Samuel,* for appellant.
*Darrell E. Wilson, District Attorney,* for appellee.