## 76635. TOMLINSON v. THE STATE.

(373 SE2d 25)

BEASLEY, Judge.

Defendant appeals his conviction of armed robbery, OCGA § 16-8-41, on the ground that the court improperly denied his motion to suppress made solely on federal Fourth Amendment grounds.

Defendant was arrested around 2:30 a.m. on July 31, 1987 at the home of his sister and brother-in-law, with whom he had been staying in Bartow County for several months. At approximately 11:00 p.m. on July 30, the Burger King in Calhoun in adjoining Gordon County was robbed by a man driving a Blazer, wearing a cowboy hat and rebel flag bandanna, and accompanied by a young woman.

At about 12:30 a.m. on July 31, the young woman who owned the Blazer, dated defendant, and had been with him during the robbery, called the Gordon County sheriff's office, gave them a false last name and a description of the Blazer and a partial tag number. She said she had seen the Blazer leaving Cartersville.

The police located and questioned her at about 2:10 a.m. and were given direct confirmation that defendant had participated in the robbery. They placed her in their patrol car and went directly across the street to the trailer of Cathy and Stanley Boston, where the young woman told them defendant was.

The officers knocked on the front door and received no answer. They knocked at the back door and Cathy answered, opening the door. Officer Garmon testified that he told her they needed to speak with defendant, she said "ok" and allowed them in. Cathy Boston testified that she opened the door but that the police just walked in without her permission.

Upon entering, one of the officers spoke to Stanley Boston, whom he knew, and told him what had happened. He said he owned a pistol. He took them to the kitchen where he pointed to the top of the refrigerator, told them his pistol was there and said there was money there but it was not his. The officer could see part of the gun and some money. Stanley got the gun and handed it to the officer, who then seized the money. The officers obtained Stanley's signature on a consent to search form. Cathy turned over money from another room. She told them they could search. The officers seized the cowboy hat and rebel flag bandanna. Defendant was asleep on the couch when the officers entered. He was arrested during the seizures.

Defendant's written motion to suppress alleged that the officers entered defendant's home without a warrant and without consent. At the hearing, he further argued that the arrest was illegal, making the entire search the "fruit of the poisonous tree" and illegal. But after the witnesses testified, defendant abandoned his argument concerning the validity of the consent to search, leaving only the validity of the

arrest and his poisonous tree basis for our consideration.

The trial court apparently believed the testimony of the officer that Cathy Boston voluntarily admitted them to the trailer. On appeal the court's ruling on disputed facts and credibility must be accepted unless clearly erroneous. *Hill v. State*, 183 Ga. App. 654, 656 (2) (360 SE2d 4) (1987). This finding was not.

All of the objected-to evidence was either turned over to police by the Bostons, constituting a search by private individuals which is not prohibited by the Fourth Amendment even if unreasonable, *Morton v. State*, 181 Ga. App. 781, 783 (2) (353 SE2d 852) (1987), or seized from the trailer after the consent to search was signed, precluding the need for a search warrant or probable cause. *Dean v. State*, 250 Ga. 77, 80 (2 a) (295 SE2d 306) (1982) and *Crawford v. State*, 181 Ga. App. 454 (1) (352 SE2d 635) (1987). Thus the arrest was not infected by an invalid search.

Absent this impediment, the arrest without a warrant under the circumstances here still was not violative of the Fourth Amendment, being founded on probable cause and the entry to the trailer having been consensual. *Carroll v. United States*, 267 U. S. 132, 162 (45 SC 280, 69 LE 543) (1925), cited and applied in *Clark v. State*, 180 Ga. App. 280, 283 (3) (348 SE2d 916) (1986).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED SEPTEMBER 6, 1988.

*J. Lane Bearden*, for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.