## A89A1508. NEWSOME v. THE STATE.
### (386 SE2d 887)

BIRDSONG, Judge.

Appellant Johnny J. Newsome appeals his conviction of three counts of theft by taking and one count of burglary. Appellant contends the trial court erred in failing to dismiss this case on the grounds that appellant was arrested without color of a warrant, and by admitting evidence unlawfully obtained. *Held*:

1. Appellant's assertion that evidence was erroneously admitted, because it was obtained as a result of an illegal search and seizure conducted without warrant, is without merit. Special Agent Dudley of the GBI testified at trial that appellant was informed he was suspected of theft of John Maloy's 35 h.p. boat motor, advised of his *Miranda* rights, and then was asked for permission to search his house, and that appellant replied that "we were welcome to search his house." Dudley had identified himself, showed appellant his credentials, and ascertained appellant's identity before requesting permission to search. The police had arrived at appellant's home about 5:00 p.m., but appellant who is age 37, his co-accomplice Andy Mitchell, and their two wives did not arrive until about 7:30 or 8:00 p.m. when it was dark. Special Agent Dudley denied threatening appellant's wife in any manner, but stated that he did inform her that if she made any false statements she would be charged with making "a false statement to [the] police." He never threatened to put her in jail.

Sheriff Walker also testified at trial and corroborated that Dudley had asked appellant's permission to search, and that appellant re

plied "[s]ure, go ahead and search my house, I don't have anything to hide," or words to that effect. Walker also testified that appellant was "read his rights in his home while he was allowing us to search his home." Walker did not hear Dudley intimidate appellant's wife, and believes that Dudley acted in a professional manner.

" ' "Consent searches are valid (cit.) but where the (S)tate relies upon consent, the burden is upon (it) to demonstrate that the consent was voluntary, and not the result of duress or coercion, express or implied. (Cit.) Voluntariness must be determined from all of the circumstances." ' " *Lombardo v. State*, 187 Ga. App. 440 (1) (370 SE2d 503). In considering the legality of a search, this appellate court can consider *all relevant evidence of record*, wherever located, including that adduced at a suppression hearing before trial and that adduced during trial. *Jones v. State*, 187 Ga. App. 421, 422-423 (370 SE2d 784). Moreover, a valid consent to search eliminates the need for either probable cause or a search warrant. *Hunter v. State*, 190 Ga. App. 52 (1) (378 SE2d 338); *Lombardo*, supra at 441 (3).

We conclude in view of the totality of the circumstances that appellant freely and voluntarily consented to the search. Moreover, we find that appellant's motion to dismiss was, as to those portions pertaining to an alleged illegal search and seizure, in effect a motion to suppress. As such, this motion failed to comply with the requirements of OCGA § 17-5-30 that motions to suppress shall be in writing and *state facts showing* that the search and seizure were unlawful. See generally *Boatright v. State*, 192 Ga. App. 112 (8) (385 SE2d 298).

2. Appellant's assertion that he was illegally arrested, thereby necessitating dismissal of this case, also is without merit.

An arrest without warrant, under both the United States Constitution, Articles IV and XIV, and the Constitution of Georgia of 1983, Art. I, Sec. I, Par. XIII, " 'is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense.' " *Wright v. State*, 189 Ga. App. 441, 443 (375 SE2d 895); accord *Burroughs v. State*, 190 Ga. App. 467 (2) (a) (379 SE2d 175).

The trial transcript establishes that the police had a description of a vehicle believed to have been involved in various thefts within the county. According to information in their possession, the police were looking for a late model Chevrolet truck, with a cargo bed, and the back of the cab painted white. This truck was believed to be equipped with worn regular street front tires and worn chunky mudgrip or sand rear tires. Three somewhat similar older trucks were known to be operating in the county, but they did not accurately fit this description. An all-points bulletin was sent to surrounding coun-

ties, and one county sheriff's department responded with a lead that appellant had such a vehicle.

The police were waiting at appellant's house when he, his co-accomplice, and their wives drove up in the suspected vehicle. Sheriff Walker, who was familiar with the tire prints found at the scene of the three thefts, personally checked the tires on appellant's vehicle and determined that the tires thereon matched the tracks he had seen at the three theft locations. Appellant gave a valid consent to search to the police. A search of appellant's premises was conducted, and a quantity of meat was found. One package of the meat, containing ribs, had been marked with a magic marker with the words "for barbecue." The police ascertained that similar meat had been stolen from a Mr. Maloy on the day his boat motor was stolen; they then placed appellant under arrest.

At the time of appellant's arrest, the police had evidence that appellant was driving a truck matching the description of the vehicle involved in the thefts, the vehicle was determined to have the same tires treads as those treadmarks found at the crime scenes, and meat was found in appellant's house which was ascertained to have been similar to that stolen from a Mr. Maloy. This evidence, none of which was obtained as a result of an illegal search and seizure, provided the police with reasonably trustworthy information sufficient to warrant a prudent man to believe that appellant had committed a crime of theft, and thus provided the police with probable cause for the arrest of appellant. Compare *Tomlinson v. State,* 188 Ga. App. 213 (373 SE2d 25).

3. Reviewing the evidence of record in a light most favorable to the verdict, we find it is sufficient to enable any rational trier of fact to find that appellant was guilty of the offenses of which he had been convicted beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 19, 1989.

*Straughan & Straughan, William T. Straughan,* for appellant.

*James L. Wiggins, District Attorney, Timothy G. Vaughn, Assistant District Attorney,* for appellee.