lee.

## A90A1005. FARLEY v. THE STATE.
(394 SE2d 585)

DEEN, Presiding Judge.

Appellant Farley, a Henry County resident, had been the subject of a drug investigation in that county for sometime prior to his arrest at a Clayton County motel for trafficking in cocaine. The arrest was effected by Clayton County officers together with a Henry County officer who, in connection with his assignment to the Drug Enforcement Agency, had been in charge of the investigation and had obtained from a reliable confidential informant information that, within the preceding ten days, appellant had been seen in possession of cocaine in his home.

The Henry County agent testified that appellant had been read his *Miranda* rights within minutes of being placed under arrest in the Clayton County motel, but conceded that the rights were not read again when they went from Clayton County to Henry County to search Farley's home. The agent further conceded that he had not obtained a search warrant but had asked Farley to sign a Consent to Search form, telling him that a warrant could be obtained if the consent form were not signed. According to the trial transcript, appellant acknowledged that he had cocaine in the master bedroom of his home; signed the consent form; and, when driven to his house, was again told that he could withhold consent. Appellant indicated that he understood, and then immediately retrieved from the bedroom a quantity of cocaine (together with such drug paraphernalia as scales and plastic baggies), and turned the items over to the officers. In a bench trial the court denied the motion to suppress and found Farley guilty as charged.

On appeal Farley alleges that the trial court should have granted his motion to suppress because he signed the Consent to Search form under the duress of the officers' threats to execute a search warrant while his wife and family were in the house. *Held*:

"Consent searches are valid . . .[,] but where the state relies upon consent, the burden is upon [it] to demonstrate that the consent was voluntary, and not the result of duress or coercion, express or implied. [Cit.] Voluntariness must be determined from all of the circumstances." *Cuevas v. State*, 151 Ga. App. 605, 609 (260 SE2d 737) (1979), cert. denied 445 U. S. 943 (1980). In *Smith v. State*, 184 Ga. App. 304 (361 SE2d 215) (1987), this court found, in circumstances in which the dialogue regarding the alternatives of obtaining written consent or procuring a search warrant was substantially like that in

the case at bar, that the consent to search was obtained freely and voluntarily. In *Cuevas*, supra at 609, the trial court reviewed circumstances essentially like those in *Smith* and in the instant case and (after resolving the issue of probable cause in the state's favor) held that "[w]here the statement is made that the subject can consent or a search warrant will be procured, if true, this does not amount to [such] duress or coercion as would invalidate the subsequent search." See also, e.g., *Mancil v. State*, 177 Ga. App. 663 (340 SE2d 279) (1986).

In the instant case there is no question of probable cause, as in *Cuevas* and *Smith*; the only issue here is the validity of the consent. The trial transcript shows that, in arriving at his decision, the trial court alluded to the holdings vis-à-vis consent in such cases as those we have cited, supra. According to the transcript, the court stated: "For all of those reasons, the court considering the totality of the circumstances will find that the consent given was valid and that those items seized . . . can be considered as evidence in the case, so for that reason the motion to suppress will be denied.

"In considering the evidence against the defendant the court finds that by a preponderance of the evidence, with reference to the statement given by the defendant concerning some alleged cocaine at his residence, that the defendant was advised of . . . his *Miranda* rights, that he understood those rights, and he voluntarily waived those rights and freely and voluntarily gave a statement thereafter. . . .

"Considering that evidence along with all the other evidence in the case, the court finds that the evidence shows beyond a reasonable doubt that the defendant is guilty of . . . trafficking in cocaine. . . ." See *Code v. State*, 234 Ga. 90 (214 SE2d 873) (1975); see also *Schneckloth v. Bustamonte*, 412 U. S. 218 (93 SC 2041, 36 LE2d 854) (1973); *Bumper v. North Carolina*, 391 U. S. 543 (88 SC 1788, 20 LE2d 797) (1968).

As to appellant's contention (conceded by the arresting officers) that the *Miranda* rights were not repeated in Henry County, we know of no requirement that they be read more than once in the same transaction. We find no merit in appellant's enumeration of error.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED MAY 8, 1990 —
REHEARING DENIED MAY 24, 1990 —

*Joseph J. Saia*, for appellant.
*Tommy K. Floyd*, District Attorney, *Marie R. Banks*, Assistant

*District Attorney*, for appellee.