A93A2246. FERRY v. THE STATE.
(436 SE2d 59)

BEASLEY, Presiding Judge.

Defendant Ferry files this separate appeal from the denial of his motion for supersedeas bond, which is governed by OCGA § 17-6-1 and particularly subsections (e) and (g), following his conviction of two counts of child molestation. OCGA § 16-6-4 (a). He was sen-

tenced under subsection (b) to two fifteen-year concurrent sentences, to serve five years in prison and ten years on probation. He has moved this court for expedited consideration, and it is granted. See *Bagby v. State*, 176 Ga. App. 51 (335 SE2d 305) (1985). Note also that the appeal was expedited in *Birge v. State*, 238 Ga. 88 (230 SE2d 895) (1976): the denial of bond was November 2, and both appellate courts had ruled by December 6.

1. Ferry filed his notice of appeal of the denial of bond on June 11, 1993, following the trial court's oral pronouncement on June 3, that it would be denied, but prior to the memorialization of the ruling by written order filed on June 25. In the context of a pending motion for new trial, "premature filing is not a ground of dismissal in criminal cases, at least insofar as a criminal defendant is concerned. [Cit.]" *Shirley v. State*, 188 Ga. App. 357, 358 (1) (373 SE2d 257) (1988). Likewise in this context, premature filing will not be deemed ground for dismissal.

2. As to the merits, *Bagby* differs. At the bond hearing in that case, the State failed to present any evidence at all, and the court's articulated basis for denial, that Bagby had been a "major target of the undercover drug investigation that was going on in Dawson County at the time he was arrested" was without support in the record.

In Ferry's case, the State, on direct examination of the victim's mother (defendant is the mother's great-uncle), testified that during the time the case was pending trial, defendant and his wife would drive by the victim's home, "slow down," and "stick their tongue out, smile, wave, make faces at the children out in the yard playing." This conduct, which continued for about three months, was reported to the police. In denying bond, the trial court stated that the people involved lived fairly close together and it was concerned that there would be further trouble in the future. This demonstrated a potential intimidation of witnesses, especially in the context of the nature of the crimes of which defendant Ferry was convicted, and was a valid reason for denying bond as measured by the standard established in *Birge*, supra at 90, and OCGA § 17-6-1 (e). Compare *Lipsey v. State*, 170 Ga. App. 212 (316 SE2d 774) (1984), where there was no evidence that appellant himself might intimidate witnesses or otherwise interfere with the administration of justice. Defendant did not, as a matter of law, carry his burden, *Pressel v. State*, 161 Ga. App. 488 (287 SE2d 780) (1982), and thus we cannot conclude that the court abused the discretion vested by OCGA § 17-6-1 (g).

*Motion to expedite pursuant to Court of Appeals Rule 50 (c) granted. Judgment of denial of supersedeas bond affirmed. Cooper and Smith, JJ., concur.*

Vinson, Osborne, Talley & Richardson, James G. Richardson, for appellant.

George C. Turner, Jr., District Attorney, James E. Barker, Assistant District Attorney, for appellee.