A94A0630. OBI v. THE STATE.
(445 SE2d 561)

SMITH, Judge.

Kenneth Nnadi Obi entered a plea of guilty to three counts of forgery in the first degree, OCGA § 16-9-1, two counts of giving a false name to a law enforcement officer, OCGA § 16-10-25, and two counts of simple battery on a police officer, OCGA § 16-5-23 (e). He was sentenced to one year on each of the forgery counts and twelve months on each of the additional counts, all to run concurrently. He appeals from the denial of his pro se "Motion to Modify Sentence."[1]

1. The State's contention that Obi's appeal should be dismissed as prematurely filed is without merit. *Ferry v. State*, 210 Ga. App. 321, 322 (1) (436 SE2d 59) (1993).

2. Obi contends that his motion to modify sentence should have been granted on the basis of ineffective assistance of counsel. This contention is without merit. Obi has not sought withdrawal of his guilty plea, although the contentions raised in his motion refer to his counsel's alleged conduct leading up to entry of the plea. Obi cites no

[1] Obi is represented by counsel on appeal.

authority for modification of a sentence on the basis of ineffective assistance of counsel resulting in an unwithdrawn plea of guilty.

Even if Obi were seeking to withdraw his plea of guilty or presenting a claim of ineffective assistance of counsel in the context of a motion for new trial, he has pointed to no evidence on the record supporting his contentions. To the contrary, all the evidence on the record is diametrically opposed to the claims that Obi is now making. The trial court questioned Obi extensively and in detail regarding the charges against him and his plea of guilty. Obi responded to all questions consistently with his plea. He affirmed that he understood the nature of the charges against him, the possible punishment, and the assistant district attorney's recommendation of sentence, which was ultimately adopted by the trial court. He denied any promises of leniency, threats, or coercion, denied having any questions about the plea, and agreed that he was pleading guilty freely and voluntarily. The trial court also questioned Obi's trial counsel, who stated he had consulted with Obi, explained all of his statutory and constitutional rights, and knew of no reason why Obi should not enter a guilty plea. Finally, the trial court ascertained that Obi had no objection to the manner in which trial counsel had conducted the case.

The trial court's denial of Obi's motion to modify his sentence on the basis of ineffective assistance of counsel was not clearly erroneous and must be upheld. See *Karvonen v. State*, 205 Ga. App. 852, 853 (2) (424 SE2d 47) (1992).

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 14, 1994.

*Gloria D. Reed*, for appellant.
Kenneth Obi, *pro se*.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.