### 76774. BLITCH v. THE STATE.
(373 SE2d 227)

BEASLEY, Judge.

Following the overruling of his motion for new trial, Blitch appeals his conviction and sentence for manufacture of marijuana, OCGA § 16-13-30 (j) (1). He contends that the court erred in not granting a directed verdict of acquittal and/or his motion for new trial because, except for the marijuana plants growing in the woods adjacent to the residence, the plants were portable and there was equal access by others to the contraband. He argues that the State showed nothing more than his presence in proximity to the plants, which was insufficient to support the conviction.

The State's evidence was that as part of the Governor's Task Force on Drug Suppression, GBI agents were conducting aerial and ground reconnaissance in Bryan County. One of the agents aerially spotted a patch of suspected marijuana plants between some short pine trees. When the helicopter circled, the agent saw four or five plants in black buckets near a brown and white mobile home. The home was occupied by Blitch, his wife and their twelve-year-old son. The Blitches' twenty-one-year-old daughter, who had been living away for approximately three years, was in the process of moving in on that day. The Georgia State Patrol pilot accompanying the agent directed a ground team in.

The team found 51 marijuana plants, 22 of which were growing in a patch in a wooded area at the end of a path, approximately seventeen "steps" long, which began at the rear of the Blitch's property near a dog pen owned by Blitch in which he kept his hunting dogs. The remaining plants were growing in white buckets with red markings and black buckets located along the rear and side borders of Blitch's yard, at the line where the mowed yard ended and the wooded area began. Several plants in buckets were on the right-hand side of the woods line beside the mobile home. One plant-filled

bucket was within a couple of steps of the dog pen. The buckets containing the marijuana plants were visible from Blitch's yard. No buckets were found randomly strewn through the woods. Identical empty white and red buckets were found inside the dog pen and one on top of the air conditioning-heater unit attached to Blitch's mobile home. These types of buckets were used by Blitch at his job and he brought them home to use to water and feed his dogs.

The plants found growing in the buckets were well watered and well cared for. Fertilizer had been mixed in with the mulch and the potting soil. The grass underneath the buckets was dead, indicating that the buckets had been in their locations for quite some time. Blitch maintained a vegetable garden in a cleared spot behind the mobile home.

The Blitch residence was rather isolated. There were no immediate neighbors on either side. Blitch's daughter testified that no one ever came out to Blitch's land.

Appellant argues that the equal access rule applies. It does not apply to " 'marijuana plants growing outside, which require a period of months to grow, mature, and be harvested.' [Cits.]" *Hendrixson v. State,* 167 Ga. App. 517, 519 (4) (306 SE2d 349) (1983). As to the plants in buckets, even if the doctrine applies to them because they were portable (see *Hendrixson,* supra, and the cases cited therein, as well as the physical precedent of *Shreve v. State,* 172 Ga. App. 190, 191 (322 SE2d 362) (1984)), this does not help appellant.

It is true that " '[m]erely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime.' [Cit.]" *Prescott v. State,* 164 Ga. App. 671, 673 (297 SE2d 362) (1982). However, "[w]here there is evidence other than 'equal access' connecting an accused to contraband, it is for the jury to determine guilt or innocence." *Fears v. State,* 169 Ga. App. 172, 174 (1) (312 SE2d 174) (1983).

There was substantial other evidence of possession of the "portable" contraband by Blitch, such as that Blitch was linked to ownership of the containers in which some of the plants were growing, that some of the plant-filled buckets were on the boundaries of Blitch's yard within feet of his dog pen and his garden, all visible from his yard, and that Blitch was a gardener and had a readily available water source.

As to the twenty-two plants found growing in the ground, they were at the end of a beaten path several steps from Blitch's dog pen. "[T]he 'beaten path' doctrine . . . allows connection of contraband found in close vicinity to a house so as to authorize rational jurors to conclude beyond reasonable doubt that the primary resident of that

house owned or had control over the contraband. [Cits.]" *Franklin v. State*, 166 Ga. App. 375, 376 (1) (304 SE2d 501) (1983).

"To sustain the judgment of conviction, the evidence need not exclude every inference or hypothesis except guilt of the accused, but only reasonable inferences and hypotheses, so as to justify the inference, beyond reasonable doubt, of guilt. [Cit.] Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb the finding, unless the verdict is unsupportable as a matter of law. [Cits.]" *Butler v. State*, 150 Ga. App. 751, 753 (258 SE2d 691) (1979).

The evidence, viewed in a light most favorable to the verdict, was sufficient to enable a rational trier of fact to find defendant guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court did not err in refusing to direct a verdict of acquittal or in refusing to grant a new trial based upon the general grounds.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED SEPTEMBER 21, 1988

*Lloyd D. Murray, Laura A. Marcantonio*, for appellant.
*Dupont K. Cheney, District Attorney, James S. Archer, Assistant District Attorney*, for appellee.