## 77679. HUNTER v. THE STATE.
### (378 SE2d 338)

CARLEY, Chief Judge.

After a bench trial, appellant was found guilty of possession of cocaine with intent to distribute, possession of diazepam, and possession of a firearm during the commission of a felony. He appeals from the judgments of conviction and sentences entered by the trial court on its findings of guilt.

1. Appellant filed a pre-trial motion to suppress evidence seized in the search of his automobile. The trial court conducted a hearing and, finding that the search had been conducted with appellant's consent, denied the motion to suppress. Appellant enumerates the denial

of his motion as error. His specific enumeration is: "Absent suspicion or probable cause to believe an automobile is transporting contraband or weapons, it is a violation of a citizen['s] 4th Amendment right[s] to request that he consent to a search of his vehicle and any evidence obtained from said illegal search must be suppressed."

"It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is '*per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions.' [Cits.]" *Schneckloth v. Bustamonte*, 412 U. S. 218, 219 (93 SC 2041, 36 LE2d 854) (1973). Included among those "specifically established and well-delineated exceptions" to the warrant requirement are the full-scale search of an automobile on probable cause and, after a valid traffic stop, a protective search of the passenger compartment on suspicion that the occupant or occupants are dangerous and might gain control of weapons. See generally *Baker v. State*, 170 Ga. App. 700 (1) (318 SE2d 178) (1984); *Holmes v. State*, 163 Ga. App. 753, 754 (4) (294 SE2d 719) (1982). Accordingly, were either of those exceptions to the warrant requirement at issue in the present case, an inquiry into the officer's probable cause or suspicion for conducting the search of appellant's automobile would be relevant.

The search of appellant's car was, however, found to be consensual. "It is equally well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent. [Cits.]" *Schneckloth v. Bustamonte*, supra at 219. Consent, as an entirely separate exception to the warrant requirement, turns not on the officer's probable cause or suspicion to conduct the search, but on the voluntariness of the individual's waiver of his Fourth Amendment rights. "Where the [S]tate seeks to justify a warrantless search on grounds of consent, it 'has the burden of proving that the consent was, in fact, freely and voluntarily given.' [Cit.] A valid consent eliminates the need for either probable cause or a search warrant. [Cit.] The voluntariness of a consent to search is determined by looking to the 'totality of the circumstances,' [cit.], including such factors as the age of the accused, his education, his intelligence, the length of detention, whether the accused was advised of his constitutional rights, the prolonged nature of questioning, the use of physical punishment, and the psychological impact of all these factors on the accused. In determining voluntariness, no single factor is controlling. [Cit.]" *Dean v. State*, 250 Ga. 77, 79-80 (1a) (295 SE2d 306) (1982). "A free and voluntary consent that one's belongings be searched is a waiver of objection to the evidence produced as a result of the search. [Cit.] . . . When the permission is granted (whether the defendant 'gives up' and admits guilt, or whether he feels that by expressing unconcern he may yet

escape detection) and on request he himself unlocks his automobile, gives the keys to the officers, or expresses verbal permission for the search to be made, a waiver results. [Cits.]" *Young v. State*, 113 Ga. App. 497, 498 (148 SE2d 461) (1966).

There is no contention that appellant's subsequent consent to the search was the tainted product of an initial pretextual stop of his vehicle. Compare *Brown v. State*, 188 Ga. App. 184 (372 SE2d 574) (1988); *Tarwid v. State*, 184 Ga. App. 853 (363 SE2d 63) (1987). Assuming the existence of an otherwise valid non-pretextual initial investigatory stop of appellant's vehicle, the determination of the validity of the subsequent consensual search is not dependent upon the existence of probable cause or suspicion to support the officer's request to conduct the search, but upon the voluntariness of appellant's waiver of his expectation of privacy in the vehicle in response to that request. Under the "totality of the circumstances," the trial court was authorized to find that appellant's consent was freely and voluntarily given. Accordingly, the motion to suppress was correctly denied.

2. Appellant enumerates the general grounds as to his conviction of possession of cocaine with intent to distribute.

"Circumstantial evidence that the total quantity of [cocaine] possessed by defendant was packaged in numerous small [plastic bags] is sufficient for a rational trier of fact to find defendant guilty of possession with intent to distribute. [Cits.]" *Henderson v. State*, 184 Ga. App. 834, 836 (2) (363 SE2d 52) (1987). See also *McDade v. State*, 175 Ga. App. 204 (2) (332 SE2d 672) (1985). Moreover, there was evidence that, after his arrest, appellant made a statement wherein he admitted that he had purchased the "stuff a couple of months ago for a party." This statement constituted direct evidence of appellant's intent to distribute the drugs. From the evidence produced at trial, any rational trior of fact could reasonably have found proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Henderson v. State*, supra.

3. Payment of a fine of $10,000 was imposed as an element of the sentence for each of the three convictions. Appellant enumerates as error the trial court's imposition of fines totalling $30,000.

This enumeration is controlled adversely to appellant by the decisions in *Todd v. State*, 172 Ga. App. 231 (1) (323 SE2d 6) (1984), *Shelton v. State*, 161 Ga. App. 524, 525 (2) (289 SE2d 768) (1982), and *Printup v. State*, 159 Ga. App. 574 (284 SE2d 82) (1981).

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 12, 1989 —
REHEARING DENIED JANUARY 26, 1989 —

*Sonja L. Salo*, for appellant.

*Thomas C. Lawler III,* District Attorney, *Tracy A. Lorowitz,* Assistant District Attorney, for appellee.