## A89A0434. HENDERSON v. THE STATE.
### (381 SE2d 423)

McMURRAY, Presiding Judge.

Defendant was indicted for possession of cocaine with intent to distribute and possession of marijuana. The evidence at a jury trial disclosed that at about 4:30 in the morning on April 24, 1988, Officer Mark D. Bradley of the DeKalb County Police Department observed defendant, two other men and a woman sitting in a "Volkswagen Beetle" automobile, parked outside a truck stop/motel. Officer Bradley saw one of the men consuming an alcoholic beverage and, believing this to be in violation of a local ordinance, the officer drove his patrol car directly behind the Volkswagen, approached the driver's side of the vehicle and asked the passengers for their identification. None of the passengers complied and Officer Bradley asked defendant, who was then in the driver's seat, to step out of the car. As defendant exited the Volkswagen, "he opened the driver's door, and as he stepped out of the vehicle [Officer Bradley] noticed that [defendant] dropped a plastic bag object out of his hand on the ground right beside the driver's door of the vehicle. . . ." Officer Bradley then escorted defendant to his patrol car, conducted "a simple pat down search" and discovered in defendant's "right front pocket a brown small paper bag containing several smaller ziplock plastic bags. There was also a plastic bag inside the brown paper bag containing an unknown type [of] white powder substance. At [that] time [defendant] was placed under arrest for the suspicion of a narcotics violation." (It was later discovered that the "white powder" was not a controlled substance.)

After defendant was secured, Officer Bradley "walked back to the [Volkswagen] to keep an eye on the other subjects [and to] secure what it was that [defendant] dropped as he got out of the vehicle." Officer Bradley found "a clear plastic bag like a sandwich bag containing a green leafy substance." The plastic bag was "laying on the ground beside the driver's door of the vehicle . . ." and it later proved to contain 3.3 grams of marijuana. Officer Bradley "picked up [the marijuana and] instructed the subjects inside the vehicle to place their hands up on the seats and on the dash in the car. . . . At that time, while shining [his] light in the car, [Officer Bradley] noticed on the driver's seat . . . a small clear ziplock plastic bag containing white powder, and [what] looked like a small tissue paper rolled up into just a little lump laying right beside the clear plastic bag." (The substance found in this plastic bag was shown to be "less than one gram of pow-

der" which tested positive for cocaine.)

After other law enforcement officers arrived at the scene, the remaining occupants of the Volkswagen were searched. No "items of drug paraphernalia [were] found on the other three individuals . . . ," but "a small syringe with a cigarette butt over the needle [and] a small piece of wire . . . were found on the passenger side of the vehicle and just down in between [the] passenger seat and the doorjamb." Defendant was found guilty on both counts of the indictment and this appeal followed. *Held*:

1. In his first enumeration of error, defendant asserts the general grounds and argues that the equal access rule applies. Defendant also argues that the State failed to prove venue.

a. *Equal Access.* " '*In the absence of any circumstances to the contrary*, a presumption arises from proof of ownership and control of premises, an automobile, or other property that the owner is in control and possession of contraband found therein. (Cits.) This rule is equally applicable to an automobile in which the accused is only the driver or in possession of the vehicle. (Cits.) As to automobiles, the rule does not apply where there is evidence in the case that the defendant has not been in possession of the vehicle for a period of time prior to the discovery of the contraband or that others have had access of it.' (Cits.) . . . (In other words,) 'merely finding contraband in a car occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime.' (Cits.) . . . '*If the only evidence of possession* of contraband found in an automobile *is that the defendant is the owner, the driver, or is in possession* of the vehicle, *and there is evidence of prior use* of the vehicle by other parties in the recent past, *or equal access* to the accessible portions of the vehicle by other parties, then (the) *prior possession or equal access rule would demand an acquittal.* However, if there is additional evidence of possession of contraband by the accused — either circumstantial or direct, other than mere ownership, use or possession of the vehicle, then an issue is made for the (factfinder). . . .' [*Fears v. State*, 169 Ga. App. 172 (1), 173 (312 SE2d 174)]." *In the Interest of F. E. B.*, 188 Ga. App. 381, 382, 383 (373 SE2d 72).

In the case sub judice, although defendant was not in exclusive possession of the Volkswagen at the time the cocaine was discovered in the vehicle, the contraband was found in an area of the vehicle that defendant last occupied. Further, defendant was in possession of a controlled substance (marijuana) shortly before his arrest and he attempted to conceal the controlled substance from a law enforcement officer by dropping it on the ground outside his vehicle. This evidence and evidence showing that defendant was in possession of paraphernalia that was convenient for the division and distribution of con-

trolled substances at the time of his arrest not only placed defendant outside the realm of the "equal access rule," it was sufficient to enable any rational trier of fact to find that defendant was guilty, beyond a reasonable doubt, of possession of marijuana and possession of cocaine with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Blitch v. State*, 188 Ga. App. 487, 488, 489 (373 SE2d 227).

b. *Venue.* "Criminal actions shall be tried in the county where the crime was committed, except as otherwise provided by law." OCGA § 17-2-2 (a). Defendant was tried in the Superior Court of DeKalb County, Georgia. Officer Bradley testified that defendant committed the crimes charged in the indictment "at the Truck Stops of America on Thurmond Road . . . in DeKalb County[, Georgia]." This argument is without merit.

2. Next, defendant contends the trial court erred in charging the jury as follows: "Should you find the defendant not guilty of the crime of violating the Georgia Controlled Substances Act as alleged in Count 1 of the indictment, [possession of cocaine with intent to distribute,] you would be authorized to consider under the evidence whether or not he did at said time and place commit the lesser offense of possession of cocaine." Defendant argues that this charge denied the jury the right to select between the greater and lesser offenses, but required the jury first to find the defendant not guilty of the greater offense before considering the lesser.

"[T]he charge given properly informed the [jury] that it should first consider the offense as charged, and if it had a reasonable doubt as to the offense charged, then it could consider the lesser offense. *Evans v. State*, 148 Ga. App. 422, 423 (251 SE2d 325). Only by such a procedure can justice be done to each party to the proceeding. There is no error in the charge of the court." *Brownlee v. State*, 155 Ga. App. 875, 877 (5) (273 SE2d 636). Compare *Beck v. Alabama*, 447 U. S. 625 (100 SC 2382, 65 LE2d 392).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 6, 1989.

*J. M. Raffauf*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Eleni A. Pryles, Patricia G. Higginbotham, Assistant District Attorneys,* for appellee.