## A89A0726. LANCE v. THE STATE.
### (382 SE2d 726)

BIRDSONG, Judge.

Appellant James Lance appeals his conviction of possession of methamphetamine, no proof of insurance, and violation of the Drivers Licensing Act by driving a motor vehicle after being declared a habitual violator and having his license revoked; appellant also appeals his sentence.

On or about December 1-3, 1986, appellant negotiated the purchase of an automobile. He was given permission to test drive it for a few weeks apparently before finalizing the sale. As appellant was on the way home, the car developed transmission problems, and he parked it near a friend's house. On December 25, 1986, appellant and the co-defendant, Steve Dale, retrieved the vehicle. Appellant and Dale drove in the car to look at another transmission. En route, appellant was observed by Deputy Jessee McGee, Hall County Sheriff's Department, to make a wide turn in the vehicle and twice turning without giving a turn signal. Deputy McGee stopped appellant for these traffic infractions and discovered that appellant was a habitual violator who was driving, without a license, a vehicle for which proof of insurance could not be produced. Appellant's eyes were "extremely red" and dilated; he spoke with rapid sentences through gritted teeth. Although not formally charged with driving under the influence, appellant was arrested for driving as a habitual violator and for driving under the influence. Appellant was patted-down for weapons. The pat-down resulted in appellant's removing a knife and certain objects from his pocket, including plastic baggies. Appellant consented to a search of the glove compartment for insurance papers. As Deputy McGee was entering the vehicle, he observed a clear plastic container enclosing little plastic baggies containing white powder on the floorboard in front of the passenger seat. Further investigation revealed a compact containing white powder under the passenger seat. Laboratory testing confirmed that the white powder contained methamphetamine. Appellant declined to submit to a urine test. At trial, appellant judicially admitted to being "declared a habitual violator" and to knowing that he was not supposed to be driving. *Held*:

1. Appellant asserts that the trial court erred in refusing to grant a mistrial when a juror, during a deliberation recess, inadvertently overheard third parties discussing the co-defendant. The gist of the conversation was that, while the co-defendant may have committed past criminal acts, in this instance he was innocent. The juror informed the other jurors about this conversation, but apparently did not mention to them that the third-parties considered the co-defendant innocent.

Appellant moved for a mistrial claiming that if the jury believed

the co-defendant innocent of drug possession it would per force find appellant guilty. Ultimately, the jury acquitted the co-defendant and convicted appellant.

The trial judge examined each juror individually and obtained from each assurance that the information obtained would not affect the juror's deliberations. The trial judge also ascertained that jurors would base their verdict solely upon the evidence and the charge. Thereafter, the trial judge recalled all jurors collectively and obtained substantially the same assurances from each juror. Although no curative instructions were requested, the trial judge then instructed the jurors in part as follows: "Please base . . . your verdict solely on the evidence and the court's instructions."

"There should be no communication [with any juror] which would tend in any manner to prejudice the accused . . . and unless the character of the communication clearly shows that it could not have been prejudicial to the accused, the presumption of law would be that it was prejudicial. . . ." *Stewart v. State*, 165 Ga. App. 428, 430 (300 SE2d 331). " '[T]he burden is on the state to rebut the presumption of harm. [Cit.]' [Cits.] However, 'a new trial will not be granted unless there is a reasonable possibility that the improper evidence collected by jurors contributed to the conviction.' [Cit.]" *Boy v. State*, 187 Ga. App. 487, 488 (370 SE2d 787). We find that the trial court's prompt action in voir dire and in instructing the jury, as above discussed, established on the record that the presumption of prejudice was overcome. Compare *State v. Newsome*, 259 Ga. 187 (2) (378 SE2d 125). Moreover, the subsequent acquittal of the co-defendant does not serve to impeach the jurors' responses to the trial judge. We will not speculate as to the basis for the jury's actual verdict. *Dimauro v. State*, 185 Ga. App. 524, 525 (364 SE2d 900). Accordingly, the trial judge did not manifestly breach his discretion in denying appellant's motion for mistrial.

2. Appellant asserts that the trial court erred in refusing to charge on equal access.

On appeal, " 'evidence must be viewed in the light most favorable to the verdict.' " *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849). Viewing the evidence in this light, it appears that between December 1-3, appellant drove the car from the place of negotiated purchase and parked it near his friend's home when the car developed mechanical problems. On Christmas Day, appellant returned to the car, placed some property therein, and called the co-defendant to come and look at the car. No evidence was introduced as to whether the car was locked or unlocked during the period when it was parked, and no evidence was introduced that anyone had gained unauthorized access to the car while it was parked. At the time the drugs were seized, only appellant and the co-defendant were inside the vehicle. While the

trial judge refused to give an equal access charge, he also elected not to give any charge pertaining to the presumption of possession of contraband flowing from vehicle ownership or operation. The jury was charged inter alia on the principles of circumstantial evidence, reasonable doubt, actual and constructive possession, joint possession, and that mere presence at the scene of the crime will not support conviction.

" 'The equal access rule, "as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver." ' " *Lombardo v. State*, 187 Ga. App. 440 (5) (370 SE2d 503); *Mendez v. State*, 185 Ga. App. 1 (1) (363 SE2d 262); *Castillo v. State*, 166 Ga. App. 817 (2) (305 SE2d 629). "However, '(i)f two or more persons shared actual or constructive possession of a thing, possession is joint.' " *Mendez*, supra at 1-2.

We are satisfied that the evidence of record, when viewed in a light most favorable to the verdict, does not reasonably raise the issue of equal access, but only the issue of joint possession. It is not error to decline to instruct on an issue not reasonably raised by the evidence. See *Britt v. State*, 184 Ga. App. 445 (1) (361 SE2d 710); *Pittman v. State*, 175 Ga. App. 50 (1) (332 SE2d 356). Equal access is merely a defense available to the accused to whom a presumption of possession flows. Where " 'the (S)tate did not show the indicia giving rise to the presumption, that is, ownership or exclusive control of the vehicle, no presumption arose and therefore there was no triggering of the equal access defense.' " *Akins v. State*, 184 Ga. App. 441 (1) (361 SE2d 707). Likewise, when the trial judge elects not to charge the court on the presumption of possession, an equal access instruction is not required. See *Akins*, supra.

Further, reviewing the charge given to the jury in toto, see generally *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177), we are satisfied it was properly adjusted to the evidence; and, *if* appellant's requested, unadjusted equal access instruction had been injected into the body of the court's adjusted charge, it could have been misleading to the jury. See *Crosby v. State*, 150 Ga. App. 555, 557-558 (258 SE2d 264).

3. Appellant asserts that the trial court erred in failing to direct a verdict of acquittal based on the equal access rule.

"[A] motion for directed verdict in a criminal [case] should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law." *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311). "If there is any evidence of guilt, it is

for the jury to decide whether that evidence, circumstantial though it may be, is sufficient to warrant a conviction." *Castillo,* supra at 819.

In this case, evidence established that the drugs were wrapped in small baggies, baggies were found in appellant's possession, and appellant was observed to have executed a wide turn without signaling, to have extremely red, dilated eyes, and to have spoken with gritted teeth in rapid sentences. The reasonable inferences that can be drawn from this evidence, coupled with the location and nature of the drugs, precludes the evidence from demanding a verdict of acquittal within the meaning of *Taylor.*

4. Appellant asserts the court erred in allowing appellant's entire driving record to go out with the jury.

In this case appellant judicially admitted that he was a habitual violator and that he knew he should not be driving. Under the circumstances, we fail to see how appellant could have been prejudiced, as to the Drivers Licensing Act violation, by the court allowing the jury access to appellant's entire driving record. See *Harper v. State,* 175 Ga. App. 703 (334 SE2d 30); *Key v. State,* 166 Ga. App. 546, 547 (305 SE2d 20).

Appellant, however, asserts that the production of appellant's lengthy record of criminal traffic related offenses "is extremely prejudicial," particularly as to the drug possession charge. The contention that "listing . . . prior traffic convictions in an habitual offender case improperly places the recipient's character into issue has . . . been considered and rejected by this court . . . as being nothing more than harmless error." *Stowe v. State,* 176 Ga. App. 169, 171 (335 SE2d 431). Applying the high probability test for harmless error, *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869), to the entire circumstances before us, we find that assuming error did occur, it was harmless. There exists a "high probability" that this alleged error did *not* contribute to the jury's verdict of guilty as to any of the counts of which appellant was convicted.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 26, 1989.

*H. Bradford Morris, Jr.,* for appellant.
*C. Andrew Fuller, District Attorney, Jessica K. Vaughn, Daniel A. Summer, Assistant District Attorneys,* for appellee.