A90A0420. BOBBITT v. THE STATE.
(394 SE2d 385)

McMURRAY, Presiding Judge.

Defendant Bobbitt appeals his conviction of the offenses of possession of cocaine with intent to distribute, possession of cocaine, and speeding. The sole enumeration of error complains of the denial of defendant's motion to suppress evidence. *Held:*

On the morning of February 17, 1989, Trooper Riner of the Georgia State Patrol was operating stationary radar, checking the northbound lane of I-95 in McIntosh County. The trooper checked an automobile driven by defendant at 72 miles per hour in an area where the posted speed limit was 65 miles per hour. Trooper Riner gave chase and stopped the vehicle. In response to the trooper's request, defendant produced a South Carolina driver's license and asked his passenger to find the registration for the automobile. The registration, when located, indicated that the owner was a woman in Miami, Florida. Meanwhile, Trooper Riner, having noticed that the right window had been broken out of the car and that there was damage around the ignition switch, became concerned that the car might be stolen and radioed for backup. Within a few minutes Trooper Long arrived at the scene.

In the meantime, Trooper Riner talked to defendant "about where they were going and where they were coming from and the owner of the car." Defendant stated that he was enroute to South Carolina to visit a sick aunt.

Trooper Riner spoke briefly to defendant's passenger and asked

him where they were going. After first stating that they were going to North Carolina, the passenger then said, "Well, I really don't know where we're going. I'm just going along for the ride."

Trooper Riner then asked defendant and received his consent to a search of the car. The initial search by Trooper Riner disclosed marijuana residue in the floorboard on the passenger side and a "crazy glue bottle," containing some white powdery residue which appeared to be cocaine, was found in a side pocket on the passenger side door. The search was interrupted by a radio message that defendant's driver's license was under suspension.

At this point, defendant and his passenger were placed under arrest. The search of the automobile continued and a pack of rolling papers was found in the floorboard on the passenger's side. Inside the rolling papers was a razor blade with a substance stuck to the blade which later tested positive for cocaine.

The troopers conducted a pat-down search of defendant and his passenger at the time of their arrest. Upon completion of the search of the car, Trooper Riner determined that a more thorough search of defendant and his passenger was appropriate since he suspected that they were drug couriers. This suspicion was predicated not only on the suspected drug remnants found in the car, but also on the inconsistent statements as to their destination and by the absence of any clothing or personal effects in the car, which seemed unusual in view of the length of their journey.

Trooper Riner asked defendant to take his shoes off. Inside defendant's left shoe, the troopers found a corn chip bag containing 17 individually wrapped pieces of crack cocaine.

During the motion to suppress hearing, both State troopers testified that defendant consented to the search of the automobile. "A valid consent eliminates the need for either probable cause or a search warrant. *Hall v. State*, 239 Ga. 832 (238 SE2d 912) (1977)." *Dean v. State*, 250 Ga. 77, 80 (295 SE2d 306). While defendant testified that he did not consent to the search of the automobile, the resolution of the question of credibility thus presented was for the trial court and must be accepted unless clearly erroneous. *Dean v. State*, 250 Ga. 77, 80, supra; *Wright v. State*, 189 Ga. App. 441, 442 (1) 444 (375 SE2d 895). Insofar as the trial court's ruling reflects a resolution of this question of credibility in favor of the State, we find no error as such is supported by the evidence.

Generally, a search or seizure incident to a lawful arrest is a legal search. *Minor v. State*, 180 Ga. App. 869 (1), 871 (350 SE2d 783). In this case, the troopers had probable cause to arrest defendant on at least misdemeanor traffic charges. Defendant contends that his Fourth Amendment rights were violated when he was subjected to a strip search incident to a traffic stop. See 78 ALR Fed. 201.

The removal of defendant's shoes did not amount to a "strip search" as that term is generally used to denote a search involving a viewing of a prisoner's rectal and genital areas. Defendant was not asked to remove his trousers or shirt. Therefore, in applying the test defendant has invoked from *Bell v. Wolfish*, 441 U. S. 520, 559 (99 SC 1861, 60 LE2d 447) a "balancing of the need for the particular search against the invasion of personal rights that the search entails." Id. 441 U. S. 520 at 559, we find a relatively modest invasion of defendant's privacy. In contrast, the need for the search was enhanced by the discovery of contraband in the automobile and the other factors which gave rise to Trooper Riner's reasonable suspicion that defendant was a drug courier. We conclude that the trial court correctly determined that there was no violation of defendant's Fourth Amendment rights. See *United States v. Robinson*, 414 U. S. 218 (94 SC 467, 38 LE2d 427).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 9, 1990.

Neil L. Heimanson, for appellant.
*Dupont K. Cheney, District Attorney, David C. Walker, Assistant District Attorney,* for appellee.