## A90A1089. TAYLOR v. THE STATE.
(394 SE2d 604)

DEEN, Presiding Judge.

Mitchell Taylor was convicted of a violation of the Georgia Controlled Substances Act (possession of methamphetamine with intent to distribute), and possession of a sawed-off shotgun. He brings this appeal following the denial of his motion for a new trial, contending that the circumstantial evidence presented at trial was not sufficient to support a guilty verdict on the drug charge. *Held*:

The evidence showed that at about midnight on May 5, 1989, a sheriff's investigator who was on medical leave observed from his home suspicious activity at the Top of Ellijay Motel. This activity included vehicles stopping at the far end of the motel and individuals making brief trips to a motel room. He notified the police department, and an officer was sent to investigate. Upon arrival, the officer saw appellant, standing outside a car, throw a sawed-off shotgun in the window on the passenger side of the car. Taylor told the officer that he had borrowed it from a woman named Cline, and that he had rented the motel room in question under the name of "Mitchell Millwood." The shotgun was loaded, and the motel room key was in his pocket. He consented to a search of the room, but added "if you find anything it's not mine." The officer found a washcloth with ap-

parent bloodstains, forty-four packets of methamphetamine, and a triple beam scale. Two persons left the motel room while the officer was in the parking lot.

Appellant argues that others had "equal access" to the room and that there was no evidence to link him to the items found in the room. He had, however, a key for operating heavy equipment which was similar to one found in a locked box located in the room, which appellant contends belonged to a man named Hester.

A rebuttable presumption arises when one leases a room, and contraband is found therein, that the lessee is in possession of the entire premises and all the property found on the premises. This presumption may be overcome by evidence that others have access to the premises. Whether this presumption is rebutted is solely a jury question. *Knighton v. State*, 248 Ga. 199 (282 SE2d 102) (1981). The jury was charged the above-stated rule, and the evidence authorized it to find that the defendant possessed the contraband, although others had access to the room. *Lane v. State*, 177 Ga. App. 553, 554 (340 SE2d 228) (1986). The evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED MAY 15, 1990.

*Clifford S. Lancey*, for appellant.

*Roger G. Queen, District Attorney, J. Roger Thompson, Assistant District Attorney*, for appellee.

