A90A0426. HICKS v. THE STATE.
(395 SE2d 341)

COOPER, Judge.

Appellant was convicted by a jury of possession of cocaine with intent to distribute and sentenced to ten years in prison. On appeal he enumerates as error the trial court's denial of his motion for a new trial and motion for a directed verdict, and the trial court's charge to the jury on conspiracy and the degree of mental conviction necessary to find an accused guilty based on circumstantial evidence.

Appellant's vehicle was stopped by a police officer when the officer observed appellant, the driver, making an improper turn. As the officer approached the car, he observed the appellant and a passenger in the front seat making some movements in the middle area of the front seat. The officer walked up to appellant and, in response to the

officer's questions, was informed that appellant had neither a drivers license nor proof of insurance. While the officer was talking to appellant, it appeared to the officer that the passenger had his hands in the middle of the front seat, and the officer observed a third person in the back seat of the car. The officer then walked around to the passenger side of the car, at which point, appellant, although not requested to do so, exited the car and walked over to the passenger side where the officer was standing. The officer's report indicated that at this time he observed the passenger attempt to conceal something in a white bag. When the officer advised appellant that he was under arrest for operating a vehicle without a license and proof of insurance and attempted to handcuff appellant, appellant struck the officer in the . face, pushed him in the chest, and fled on foot. The other two people in the car also fled the scene. The officer apprehended the appellant and the passenger who had been in the front seat, but the third passenger escaped. An inventory search of the vehicle yielded 5.8 grams of cocaine contained in 64 Ziploc plastic bags, all concealed in a pink sock inside a white cloth bag located in the middle of the front seat of the car.

1. In his first and second enumerations of error, appellant contends that the trial court erred in denying his motions for a new trial and directed verdict. He argues that the evidence, which was purely circumstantial, was insufficient to support the verdict. " '[T]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' OCGA § 24-4-6. However, the term 'hypothesis' refers to 'such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section does not mean that the act might by bare possibility have been done by somebody else. . . . [Cit.]" *Holland v. State*, 176 Ga. App. 343 (1) (335 SE2d 739) (1985). Thus, only *reasonable* inferences and hypotheses except the guilt of the accused need be excluded. See *Chambless v. State*, 165 Ga. App. 194, 195 (2) (300 SE2d 201) (1983). "Questions of reasonableness are generally decided by the jury, and this court will not disturb the jury's finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the verdict is unsupportable as a matter of law.' *Shockley v. State*, 166 Ga. App. 182 (303 SE2d 519) (1983). The evidence presented in this case was sufficient to authorize the finding of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The officer observed the appellant and the passenger making some movements in the exact area where the cocaine was found — which was in the front seat next to appellant in plain view. *Denham v. State*, 144 Ga. App. 373, 375 (2) (241 SE2d 295) (1977), is distinguish-

able because the appellant in *Denham* was not observed to be within plain view or within easy access of the drugs. In *Denham*, the circumstantial evidence connected only the passenger to the knowledge and possession of the contraband. Appellant's voluntary exit from the car as soon as the officer changed positions, his flight, his ownership of the car, together with the other circumstances, authorized the conviction and the denial of the motions for new trial and for directed verdict was proper.

2. Appellant's assertion that there was no evidence to support the conspiracy charge is incorrect. "Slight evidence will justify a charge even where the preponderance of the evidence tends to show the non-existence of such a fact. [Cit.] A conspiracy may be reflected by inference arising from a deduction from acts and conduct showing a common design to act together for the accomplishment of an unlawful purpose. [Cit.]" *Camp v. State*, 181 Ga. App. 714, 717 (3) (353 SE2d 832) (1987). The evidence introduced at the trial supported an inference of a conspiracy, and the charge thereon was correct. See *Brennon v. State*, 191 Ga. App. 720 (1) (382 SE2d 682) (1989).

3. The charge given by the trial court on the mental conviction necessary to convict a defendant on circumstantial evidence was a correct statement of the law (OCGA §§ 24-4-5; 24-4-6) and no error occurred.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 12, 1990.

*M. Randall Peek*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, David Wright, Assistant District Attorneys*, for appellee.