## A90A1032. BARNWELL v. THE STATE.
(397 SE2d 717)

SOGNIER, Judge.

Stanley Barnwell was convicted of trafficking in cocaine and he appeals.

The evidence adduced at trial showed that while traveling north on I-95, appellant was stopped by Georgia State Patrol trooper Larry Bennett, who had observed the vehicle appellant was driving weaving on and off the road onto the shoulder. In response to Bennett's request, appellant produced a valid Florida driver's license and a rental car agreement showing that Curtis Straughter had rented the car. Appellant explained to Bennett that although Straughter was not in the car, he was a good friend who had rented the vehicle for appellant as a favor because appellant did not have sufficient credit to rent a car. Appellant further explained that he lived in a suburb of Miami, that his mother was terminally ill and had some property she wished to sell to appellant's uncle who lived in Baltimore, and that he was driving to Baltimore to meet with his uncle to act on his mother's wishes. Appellant testified that Straughter had delivered the car to him approximately an hour and a half prior to his departure from Miami that day. Bennett determined that the car had not been reported stolen, but because appellant was not listed on the contract as an addi-

tional driver Bennett was suspicious and asked appellant "if he minded me looking through his car." Appellant did not mind, and in fact appellant testified that when Bennett "mentioned if he could search the car, . . . I consented to that." After appellant cooperated in a search of the interior of the car and the trunk and its contents, during which nothing was found, Bennett turned on the ignition and used the controls to lower the windows. Peering into the front passenger window well, he observed several wrapped parcels. At that point, Bennett secured appellant in the rear of the patrol car and called for assistance to remove the door panel. When the door panel was removed, the parcels were extracted and tested. They proved to contain more than 4 kilograms of cocaine.

1. Contrary to appellant's contention, we find the evidence sufficient to support his conviction for the offense charged under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by denying his motion to suppress the cocaine found in the door panel, citing *State v. Diaz*, 191 Ga. App. 830 (383 SE2d 195) (1989) and *Amato v. State*, 193 Ga. App. 459 (388 SE2d 54) (1989) as support for his argument that the scope of the search exceeded his consent. However, unlike the situation in *Diaz* and *Amato*, in which permission was given only to "look in or inside" the car, and not to search the car or any containers found in the car, in the instant case appellant himself testified that he consented to a *search* of the automobile he was driving, and did not object when Bennett rolled down the windows and looked inside the door panels. Accordingly, we cannot agree that Bennett's search exceeded any limits set by appellant's consent, and the trial court did not err by denying appellant's motion to suppress.

3. Appellant contends the trial court erred by failing to give his requested charge on equal access, because there was evidence that Straughter had rented the car and had access to it. However, "the equal access rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver." (Citations and punctuation omitted.) *Lance v. State*, 191 Ga. App. 701, 703 (2) (382 SE2d 726) (1989). "While the trial judge refused to give an equal access charge, he also elected not to give any charge pertaining to the presumption of possession of contraband flowing from vehicle ownership or operation." Id. at 702-703. Accordingly, here, as in *Lance*, we find no error in the trial court's refusal to charge the jury on equal access.

4. Appellant maintains he was prejudiced by the State's sounding

Curtis Straughter as a witness in the presence of the jury when it had not subpoenaed him and knew he was not present. The record reveals, however, that appellant failed to object or move for a mistrial after the State sounded the witness, and consequently cannot now complain, as error not raised at trial cannot be considered on appeal. See *Brinson v. State*, 191 Ga. App. 151, 152 (3) (381 SE2d 292) (1989).

· 5. Appellant contends it was error for the trial court to refuse to allow William Johnson, the owner of a local car rental agency subpoenaed by appellant, to testify. In an offer of proof outside the presence of the jury, Johnson testified that in his experience, contraband has been left inadvertently in rented vehicles by a previous renter and found by his personnel or by a subsequent renter. Johnson described finding drugs, guns, and other items in returned cars, and his testimony would have shown that sometimes his employees missed these items when cleaning a car, and in those cases the contraband went out with the next renter. Because Johnson's rental agency was not the same agency that rented Straughter the car driven by appellant, the State objected to the proffered testimony on relevancy grounds, and the trial court sustained the State's objection on that ground.

Although we cannot agree that Johnson's testimony was rendered irrelevant merely because his agency was not the one from which the car driven by appellant was rented, we find that the exclusion of Johnson's testimony was not reversible error. "[E]ven though our rule favors the admission of relevant evidence, the admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." *O'Neal v. State*, 254 Ga. 1, 3 (3) (325 SE2d 759) (1985). According to the testimony given by Johnson in appellant's offer of proof, most contraband found in his agency's rental cars consisted of weapons, not drugs. On the one occasion drugs were discovered, they were found in a briefcase inadvertently left in the passenger compartment by an agent of the Drug Enforcement Administration. Moreover, Johnson testified that neither drugs nor weapons had ever been found outside the confines of the passenger compartment and trunk of a rental car, and no contraband had ever been found inside door panels.

Appellant sought the admission of Johnson's testimony to show that the drugs hidden in the door panels could have been left there by a previous occupant of the car. However, the circumstances described by Johnson were so vastly dissimilar to those in the instant case that his offered testimony was not probative of the proposition for which it was offered. Accordingly, the trial court did not abuse its discretion by refusing to admit it. *O'Neal*, supra.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 19, 1990 —
REHEARING DENIED OCTOBER 1, 1990 — 

*Lloyd E. Thompson, Jr.*, for appellant.
*Glenn Thomas, Jr.*, District Attorney, *John B. Johnson III*, Assistant District Attorney, for appellee.