A91A0304. JONES v. THE STATE.
(408 SE2d 823)

BIRDSONG, Presiding Judge.

Octavius A. Jones was tried before a jury and convicted of possession of cocaine with the intent to distribute. He appeals the trial court's denial of his motion for new trial raising two enumerations of error. *Held*:

1. Appellant contends the trial court erred in denying his motion to suppress evidence because the State failed to establish his voluntary consent to a warrantless search of a residence into which appellant had recently moved. Appellant argues that the cocaine discovered in the residence was inadmissible because the officers did not obtain a written waiver prior to the search and that the testimony offered by the officers during the suppression hearing was inconsistent.

" 'Where the State seeks to justify a warrantless search on grounds of consent, it "has the burden of proving that the consent was, in fact, freely and voluntarily given." [Cit.] . . .' [Cit.]" *Hunter v. State*, 190 Ga. App. 52 (1) (378 SE2d 338). " ' "(O)n motion to suppress evidence, the trial judge sits as the trior of the facts, hears the evidence, and his findings . . . are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them." [Cit.]' [Cit.]" *Mann v. State*, 196 Ga. App. 730 (3) (397 SE2d 17). Inasmuch as two of the officers present before the search testified that appellant verbally consented to the search, the trial court did not err in denying appellant's motion to suppress. See *Bobbitt v. State*, 195 Ga. App. 566, 567 (394 SE2d 385).

2. Appellant also enumerates as error the trial court's refusal to charge the jury on equal access, as requested.

(a) On appeal this court is bound to construe the evidence in favor of the prevailing party with every inference and presumption being in favor of upholding the jury's verdict. *Mills v. State*, 137 Ga. App. 305 (1) (223 SE2d 498); *Wren v. State*, 57 Ga. App. 641, 644 (196 SE 146).

(b) Appellant contends that the evidence demonstrated that he had only recently moved into the residence, as evidenced by the dearth of furnishings in the duplex, and anyone having access prior to his arrival had an opportunity to place cocaine in the residence; that while it was under surveillance, the police observed eight to ten people come to the house; and that the kitchen had been the scene of drug use as indicated by the discovery of cans converted into pipes, a match box and burnt matches. The cocaine was discovered in a brown wrapper or bag in plain view in the corner of the living room. The record also reveals that although someone other than appellant owned the house, appellant recently had moved therein and no evidence was found which indicated anyone other than appellant was living in the house at the time of the drug seizure.

The trial court stated that there was no evidence of access to the premises by anyone other than appellant to support such a charge. Although there is a scant amount of evidence that some persons may have entered the premises to purchase drugs during the time when police surveillance was being conducted, there is no evidence these persons had equal access to that area where the closed paper bag containing the drugs was seized. Merely being somewhere within the premises for a relatively short but unspecified time before drugs subsequently are found therein does not reasonably raise the defense of equal access. No instruction need be given regarding a defense not reasonably raised by the evidence. *Britt v. State*, 184 Ga. App. 445, 446 (1) (361 SE2d 710). We will not reverse the correct ruling of a trial court regardless of the reason thereto attributed. *Ely v. State*, 192 Ga. App. 203 (4) (384 SE2d 268).

(c) Assuming arguendo some form of equal access instruction was required, error has not been established. Review of the trial record reveals the trial court elected not to charge the jury that a presumption or inference of possession arises from proof of ownership or control of the premises that the owner or person in control thereof is in control and possession of the contraband found therein. Compare *Henderson v. State*, 191 Ga. App. 275, 276 (1a) (381 SE2d 423) and *Gee v. State*, 130 Ga. App. 634 (204 SE2d 329). The primary purpose of giving a tailored equal access instruction is the same in premises cases as in automobile cases; an equal access instruction is designed to inform the jury that evidence showing a person or persons other than

the owner or person in control of the premises had equal access to contraband found in the premises may or will, depending upon the strength of the evidence, overcome the presumption of the owner or party controlling the premises. *Lance v. State*, 191 Ga. App. 701 (382 SE2d 726). When the presumption of possession is not charged, an equal access charge merely serves to highlight those possession elements of the drug offense which the State must establish beyond a reasonable doubt in order to warrant the accused's conviction. In this case, the record shows the trial court did not instruct either regarding a presumption or a permissible inference of possession; but instructions were given inter alia as to the presumption of innocence, the State's burden of proof, that there is no burden of proof whatsoever on defendant, that the burden of proof never shifts to defendant to prove his innocence, the duty of the jury to acquit if the State fails to prove defendant's guilt beyond a reasonable doubt, the pertinent statutory prohibition as to possession of controlled substance (cocaine) with intent to distribute, actual and constructive possession, and that "the jury will be authorized to convict as to the element of possession only if [it] should find beyond a reasonable doubt that the defendant knowingly had either actual or constructive possession." *In the absence of a charge to the jury as to the presumption of possession or its equivalent, the above charges substantially and adequately covered the principles contained in an equal access instruction.* In such circumstances, the charge given encompassed every remaining pertinent aspect of appellant's equal access defense, and the trial court did not err in failing to give a tailored equal access instruction to the jury. See *Brooks v. State*, 258 Ga. 20 (4) (365 SE2d 97); *Harrison v. State*, 257 Ga. 528 (4) (361 SE2d 149).

Likewise it was not error to refuse to give the particular equal access instruction requested by appellant. *Harrison*, supra. Moreover, examination of appellant's instruction request reveals that it is partially patterned after the charge language in *Gee v. State*, supra at 636 (2). It is clear from a reading of *Gee* that this type of instruction is confusing and misleading unless carefully tailored to the evidence and that a portion of the charge standing alone is incorrect. "If any portion of the request is inapt, incorrect, or not authorized by the evidence, denial of the request is proper." *Llop v. McDaniel, Chorey &c.*, 171 Ga. App. 400, 403 (4) (320 SE2d 244). And the trial court does not err when it refuses to give a confusing or misleading instruction. See *Lubiano v. State*, 192 Ga. App. 272, 275 (2a) (384 SE2d 410).

*Judgment affirmed. Sognier, C. J., McMurray, P. J., Banke, P. J., Carley, Pope, Beasley and Andrews, JJ., concur. Cooper, J., dissents.*

COOPER, Judge, dissenting.

I concur with Division 1 of the majority opinion, that the trial court did not err in denying appellant's motion to suppress. However, I respectfully dissent as to the majority's holding in Division 2, that the trial court correctly refused the jury charge on "equal access."

The majority concluded that there was a scant amount of evidence at trial to support a charge on "equal access." In my view, that imposes too narrow a view of the evidence in the context of contraband discovered on premises and ignores an important distinction between cases involving contraband found on premises and contraband discovered in automobiles. In the automobile context, it is much easier to connect an individual with contraband found therein due to the finite nature of an automobile, and it is somewhat reasonable to presume that one exercising control over a vehicle was also exercising control over contraband found therein. However, the same may not be true in the context of contraband discovered in a house, especially when it can be demonstrated that others had access to the premises. In addition to the evidence cited by the majority, the evidence adduced at trial demonstrated that one of the officers was "able to see people coming in and out of the apartment," contrary to the trial court's finding that there was no evidence that any other persons had access to the premises.

" ' "(M)erely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." ' [Cit.]" *Blitch v. State,* 188 Ga. App. 487, 488 (373 SE2d 227) (1988). "A rebuttable presumption arises when one leases [a residence], and contraband is found therein, that the lessee is in possession of the entire premises and all the property found on the premises. This presumption may be overcome by evidence that others have access to the premises. Whether this presumption is rebutted is solely a jury question. [Cit.]" *Taylor v. State,* 195 Ga. App. 651, 652 (394 SE2d 604) (1990). " 'Slight evidence will justify a charge even where the preponderance of the evidence tends to show the nonexistence of such a fact. . . .' [Cit.]" *Hicks v. State,* 195 Ga. App. 887 (2) (395 SE2d 341) (1990). It is worthy of note that in *Lance v. State,* 191 Ga. App. 701 (382 SE2d 726) (1989), an automobile case which the majority relied upon, this court determined that there was insufficient evidence to give rise to the presumption of ownership or exclusive control of the vehicle; therefore, the equal access defense was not triggered, but the court did find a charge on joint possession proper. Id. at 703. In the instant case, the evidence undisputably established that although appellant did not own the premises, he was exercising control over them, therefore raising the presumption and triggering the equal access defense, despite the trial

court's decision not to charge accordingly. Moreover, the police observed individuals entering and leaving the residence through the door into the living room, where the drugs were discovered. In my view, the evidence required that the charge be given.

As to the majority's contention that the particular charge requested by appellant was confusing or misleading, to the contrary, appellant's charge was patterned after the charge given in *Gee v. State*, 130 Ga. App. 634 (2) (204 SE2d 329) (1974), which was upheld by this court as a proper equal access instruction.

For the reasons discussed above, I believe the trial court committed reversible error in refusing to give the requested charge.

DECIDED JULY 16, 1991.

*Mark D. Brimberry*, for appellant.
*Britt R. Priddy, District Attorney, Henry O. Jones III, Assistant District Attorney*, for appellee.

