A91A2085. LANGSTON v. THE STATE.
(414 SE2d 676)

BEASLEY, Judge.

Langston appeals his conviction for trafficking in cocaine by knowingly and actually possessing 488 grams (17.2 ounces) of a substance containing 99 percent pure cocaine, in violation of the Georgia Controlled Substances Act, OCGA § 16-13-31 (a) (1). The contraband was discovered in a taped-up paper bag under the passenger seat of Langston's automobile during a warrantless search following a roadblock check for driver's licenses and insurance. Langston was also charged with and convicted of "No Driver's License," OCGA § 40-5-20, but his notice of appeal raises only the felony drug conviction.

The sole challenge is to the trial court's denial of Langston's motion to suppress. After a pre-trial joint suppression and *Jackson-Denno* hearing, the trial court upheld the warrantless search of Langston's vehicle. It ruled that there had been a valid traffic stop, that the circumstances had raised an articulable suspicion on the part of the searching officer, and that Langston had given his informed consent to the search. Langston claims that the warrantless search had no validity under the Fourth Amendment because the officer did not

have probable cause and because the State's only evidence of voluntary consent to search was conflicting, whereas there was undisputed evidence that the officer had decided to search for contraband prior to the alleged giving of consent. Langston does not challenge the initial traffic stop. Nor does he invoke the State Constitution, so it will not be considered. See *Smith v. State*, 186 Ga. App. 303, 309 (3) (367 SE2d 573) (1988).

1. First, the question of jurisdiction is addressed. Langston filed a motion for new trial on February 15, 1989, and an amendment on July 21. While this was pending, a notice of appeal was filed on February 28, 1990. A new trial was denied on March 7.

"Formerly, an appeal from a judgment on a verdict brought while the case was pending on motion for new trial was premature and of no validity. [Cits.] This is no longer true . . . premature filing is not a ground of dismissal in criminal cases, at least insofar as a criminal defendant is concerned. [Cit.]" *Shirley v. State*, 188 Ga. App. 357 (1), 358 (373 SE2d 257) (1988). So we move on.

2. "In considering the legality of a search, this appellate court can consider *all relevant evidence of record*, wherever located, including that adduced at a suppression hearing before trial and that adduced during trial. [Cit.]" *Newsome v. State*, 192 Ga. App. 846, 847 (1) (386 SE2d 887) (1989). "On appeal, a trial court's ruling on disputed facts and credibility at a suppression hearing must be accepted unless clearly erroneous. [Cits.]" *Muff v. State*, 254 Ga. 45, 48 (2) (b) (326 SE2d 454) (1985).

The issue of consent is dispositive. " 'A valid consent eliminates the need for either probable cause or a search warrant. [Cit.]' [Cit.]" *Bobbitt v. State*, 195 Ga. App. 566, 567 (394 SE2d 385) (1990).

Langston disputed the giving of consent to search. The *State's* evidence of consent was not in conflict although Langston contends otherwise. At the suppression hearing, the two officers who observed Langston in his car prior to the search testified unequivocally that Langston affirmatively consented to the search. Although their respective attempts to recount exactly the words Langston used to convey his consent varied slightly, both testified unequivocally as to the fact of consent. One officer had become suspicious of Langston after Langston was unable to produce a driver's license, appeared extremely nervous, failed to credibly answer questions about the nature and purpose of his trip into Georgia (the car had a Florida license tag), had no luggage even though at one point Langston stated he was going to visit family, and had the car's passenger seat in a reclining position even though Langston was alone in the vehicle. This same officer testified at both the suppression hearing and at trial that he asked Langston for permission to search the car, that he told Langston he did not have to agree to the search, and that Langston re-

sponded that it would be okay and immediately triggered the trunk release. Even if the officer was predisposed to search the vehicle for contraband, Langston's consent renders such predisposition irrelevant.

The trial court's finding the fact of consent is supported by the evidence. *Muff*, supra; *Bobbitt*, supra. The inquiry must advance to determine whether consent was freely and voluntarily given. Voluntariness depends on the totality of the circumstances, including such factors as the accused's age, education, intelligence, length of detention, the accused's being advised of his constitutional rights, the prolonged nature of any questioning, any physical punishment, and the psychological impact on the accused. See *Dean v. State*, 250 Ga. 77, 79 (2) (a) (295 SE2d 306) (1982).

Langston completed the twelfth grade, served in the military, and appeared to be quite articulate, as demonstrated by his testimony at the motion to suppress *Jackson-Denno* hearing. The encounter at the road check was not in and of itself intimidating nor was it prolonged. There was no evidence of any physical punishment inflicted on Langston nor any attempt to coerce Langston into agreeing to a search of his vehicle. The circumstances support a finding of voluntariness.

The trial court did not err in refusing suppression, as the finding of voluntary consent was authorized. It is unnecessary to address the validity of the search under any other basis.

*Judgment affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 6, 1992.

*Noel G. Perry*, for appellant.
*J. Brown Moseley, District Attorney, John L. Tracy, Assistant District Attorney*, for appellee.