A95A2817. EMERSON v. THE STATE.
(469 SE2d 520)

RUFFIN, Judge.

Thomas Emerson was convicted of possessing cocaine and marijuana in violation of the Georgia Controlled Substances Act. He appeals the judgment of conviction and sentence following the denial of his motion for new trial. For reasons which follow, we affirm.

Viewed in a light to support the verdict, the evidence showed that while patrolling a mobile home park, Cobb County police officers observed a suspicious man loitering outside one of the mobile homes. They watched as the man approached a van parked nearby and subsequently learned that the man attempted to sell crack cocaine to the driver. The officers then approached the man, obtained his consent to a pat-down search, and discovered that he was carrying a pipe that contained suspected crack cocaine residue. One of the officers testified that as a result of this encounter, he suspected that there was crack cocaine and drug paraphernalia inside the nearby trailer and therefore decided to investigate further by walking around the outside of the trailer. The officers discovered nearly 50 small plastic bags containing suspected crack cocaine residue and a crack pipe under the trailer. The officers then knocked on the trailer's front door. Emerson answered the door, appeared agitated by the officers' presence at his residence, and refused their request to enter the trailer. One of the officers testified that as they talked with Emerson in the doorway, he detected the odor of crack cocaine burning inside the trailer. The officers then obtained a search warrant which they executed a short time later.

Upon entering the trailer, which Emerson rented, the police

found four adults, including Emerson who was in a back bedroom. In that bedroom, the officers discovered numerous small plastic bags containing suspected crack cocaine residue strewn about the dresser and floor, two burned spoons with cocaine residue, and razor blades. The officers discovered crack cocaine rocks, marijuana, and powdered cocaine in another bedroom. Small plastic bags were also found in the kitchen behind the stove.

Omar Lofton was lying on a couch in the living room when the police entered. The police found a metal crack pipe and two marijuana cigarette butts in an ashtray near him. Lofton testified at trial that all the drugs and paraphernalia found in the trailer belonged to him; that he hid the drugs in the trailer between the two police visits; that Emerson had returned to the trailer only 30 minutes before the police arrived; and that Emerson had no knowledge of the drugs in the trailer. Emerson did not testify.

1. Emerson contends the evidence did not support the guilty verdict on the marijuana possession charge because the crime lab analysis indicated that the suspected marijuana seized from his trailer was not tested. He also contends the trial court erred in ruling that the crime lab report was cumulative and in refusing to allow it to be published to the jury in light of the fact that the forensic chemist who prepared the report contradicted its findings at trial.

Forensic chemist Steven Ellis testified that he performed three specific tests on the leafy green material seized from the trailer and that the substance tested positive for marijuana. Ellis's written report listed the suspected drugs and drug paraphernalia which had been submitted for identification, including the suspected marijuana and hand-rolled cigarette butts, but the report indicated that only the suspected cocaine tested positive and that "other items were not analyzed." The State tendered the report into evidence. The prosecutor indicated his desire that the report be published to the jury; however, the trial court found that the report would be cumulative and admitted it for the record only. The record shows that the State disclosed the report to Emerson's attorney one month before the trial.

Emerson raised no objection to the report's admission for the record; therefore, he has waived any objection to the admission of the report. "A litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. Acquiescence deprives him of the right to complain further. . . . [Cit.]" (Punctuation omitted.) *Young v. State*, 217 Ga. App. 575, 576 (2) (458 SE2d 391) (1995). Furthermore, because Emerson did not attempt to impeach Ellis's testimony with the report on cross-examination, he failed to expose the conflict in the evidence to the jury. Finally, Emerson did not contend at trial, and does not contend now, that the substance was anything but marijuana. See *Ray v. State*, 205 Ga. App. 866 (424 SE2d

13) (1992). Thus, the State presented uncontested testimony that the suspected marijuana tested positive which supported the guilty verdict.

2. Emerson also contends that the evidence failed to support the verdict on either charge because the State failed to prove that he had any knowledge of the drugs found in the trailer or that they belonged to him. He argues this is particularly true given Lofton's admission that the drugs belonged to him.

"A rebuttable presumption arises when one leases [premises], and contraband is found therein, that the lessee is in possession of the entire premises and all the property found on the premises. . . . Whether this presumption is rebutted is solely a jury question. [Cit.] The jury was charged the above-stated rule and the evidence authorized it to find that [Emerson] possessed the contraband, although others had access to the [trailer]. [Cit.]" *Taylor v. State*, 195 Ga. App. 651, 652 (394 SE2d 604) (1990). Lofton's credibility was a matter for the jury. OCGA § 24-9-80. However, viewing all of the evidence in the light to support the verdict, we find that it was sufficient to enable a rational trier of fact to find Emerson guilty beyond a reasonable doubt of possession of cocaine and marijuana. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 6, 1996.

*Joe C. Morris*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, W. Thomas Weathers III, Nancy I. Jordan, Assistant District Attorneys*, for appellee.